UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LHF PRODUCTIONS, INC., | Case No. C16-1273 RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| DOE 1, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Jose Sosa's unopposed Motion to Dismiss. Dkt. #18. For the reasons discussed herein, Mr. Sosa's motion is GRANTED.

## II.   BACKGROUND

Plaintiff LHF Producutions, Inc. ("LHF") filed an Amended Complaint identifying Mr. Sosa as one of several Doe Defendants on November 11, 2016. Dkt. #10 ¶ 19. According to LHF, Mr. Sosa, along with thirteen other named defendants, unlawfully infringed, in violation of 17 U.S.C. §§ 101 *et seq.*, its exclusive copyright to the motion picture *London Has Fallen*. *Id.* ¶ 10. More specifically, LHF contends that Mr. Sosa copied and distributed its film over the Internet through a peer-to-peer network using the BitTorrent protocol. *Id.* ¶¶ 1, 17-30. Mr. Sosa

ORDER GRANTING MOTION TO DISMISS— 1

was named in the Amended Complaint because, given the unique identifier associated with a particular digital copy of *London Has Fallen*, along with the timeframe when the internet protocol ("IP") address associated with Mr. Sosa accessed that unique identifier, LHF alleges Mr. Sosa was part of the same "swarm" of users that reproduced, distributed, displayed, and/or performed its copyrighted work. *Id*. ¶¶ 10, 30-36, 46. LHF seeks injunctive relief, statutory damages, attorneys' fees and costs, and any further relief deemed proper by the Court. *Id*. at 15.

Mr. Sosa disputes LHF's allegations, and now moves to dismiss the action against him. *See* Dkt. #18. In support of his motion, Mr. Sosa argues that "[a]n IP address is not a reliable or legitimate form of identification of [a] person." *Id*. at 1. Mr. Sosa also contends that LHF has not presented any proof that Mr. Sosa either owned or used the IP address LHF now attributes to him, and that LHF "is without a[] verified infringer." *Id*. Additionally, Mr. Sosa explains that he has complied with LHF's request for voluntary cooperation by reviewing the computers in his home, speaking with his children, and by changing his computer and internet passwords. *Id*. In essence, Mr. Sosa argues that LHF fails to state a "plausible" ground for relief.

Notably, LHF did not respond to Mr. Sosa's motion. Pursuant to Local Civil Rule 7(b)(2), the Court may construe a party's failure to file an opposition to a motion "as an admission that the motion has merit." Consequently, the Court construes LHF's failure to oppose the motion as an admission that Mr. Sosa's motion has merit.

### III.   LEGAL STANDARD

To survive dismissal, complaints "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility can be established if a plaintiff pleads "factual content that allows the court to draw the reasonable

ORDER GRANTING MOTION TO DISMISS— 2

inference that the defendant is liable for the misconduct alleged." *Id*. While complaints do not need to provide detailed factual allegations, they must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. If the complaint does not state a cognizable legal theory, or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

### IV.     DISCUSSION

LHF fails to adequately allege a copyright infringement claim against Mr. Sosa. Where plaintiffs claiming violations of the Copyright Act do not provide specific facts linking a named defendant to an alleged infringement, courts have found that claims for copyright infringement are not adequately alleged. *E.g.*, *Cobbler Nevada, LLC v. Gonzalez*, Case No. 3:15-cv-00866-SB, 2016 WL 3392368, at *6 (D. Or. June 8, 2016) (slip copy) (finding that plaintiff did not plead sufficient facts to support Copyright Act claims where specific facts tying defendant to alleged infringement were not alleged); *also Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 204) (motion to dismiss granted where plaintiff did not offer facts, aside from allegation that defendant paid for internet access, to support allegation that defendant participated in BitTorrent "swarm"). Here, LHF relies on one fact, that Mr. Sosa was assigned a particular IP address, to assert that Mr. Sosa was personally involved in a BitTorrent "swarm." *See* Dkt. #10 ¶ 19. However, "the allegation that an IP address is registered to an individual is, alone, insufficient to support a claim that the Internet subscriber is guilty of infringement." *E.g.*, *Dallas Buyers Club, LLC v. Doughty*, Civ. No. 3:15-cv-00176-AC, 2016 WL 1690090, at *6 (D. Or. April 27, 2016) (slip copy).

LHF has not alleged any facts that link Mr. Sosa to the infringing conduct alleged, and

ORDER GRANTING MOTION TO DISMISS— 3

while it is possible that Mr. Sosa participated in the BitTorrent "swarm," it is also possible that someone else with access to Mr. Sosa's IP address is the actual infringer. As noted by the Ninth Circuit in *In re Century Aluminum Co. Securities Litigation*, parties must allege something more, "such as facts tending to exclude the possibility that [an] alternative explanation is true," when "faced with two possible explanations, only one of which can be true and only one of which results in liability." 729 F.3d 1104, 1108 (9th Cir. 2013). Because LHF has not plead sufficient facts to support its allegations, its claim against Mr. Sosa warrants dismissal. Accordingly, Mr. Sosa's Motion to Dismiss is GRANTED.[1]

## V.   CONCLUSION

The Court, having reviewed the relevant pleadings and the remainder of the record, hereby GRANTS Mr. Sosa's Motion to Dismiss (Dkt. #18).

Dated this 23rd day of February 2017.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] As part of his Motion to Dismiss, Mr. Sosa appears to request relief from a deadline. Dkt. #18 at 1. Because the Court grants Mr. Sosa's motion to dismiss, his request is STRICKEN as moot.

ORDER GRANTING MOTION TO DISMISS— 4