Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LHF PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALVIN EVANS, an individual; <br> JOSE SOSA, an individual; <br> AMY JOHNSTON, an individual; <br> DAVID NARDIN, an individual; <br> PAMELA LAKE, an individual; and <br> AARON ROSENBERG; an individual, <br><br> Defendants. | Civil Action No. 16-cv-1273RSM <br><br> PLAINTIFF'S LCR 7(h) REQUEST FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS <br><br> NOTE ON MOTION CALENDAR: <br> February 25, 2017 |

Pursuant to LCR 7(h), Plaintiff respectfully moves for reconsideration of the Court's February 23, 2017 Order Granting Motion to Dismiss (Dkt. 53) on the grounds of manifest error in the ruling.

It its Order, the Court stated as follows:

> Notably, LHF did not respond to Mr. Sosa's motion. Pursuant to Local Civil Rule 7(b)(2), the Court may construe a party's failure to file an opposition to a motion 'as an admission that the motion has merit.' Consequently, the Court construes LHF's failure to oppose the motion as an admission that Mr. Sosa's motion has merit.

(Id. at 2) In fact, on January 23, 2017, Plaintiff timely filed a response in opposition to Defendant's motion to dismiss. (See Dkt. 32) Accordingly, the Court's conclusion that the motion has merit is not warranted, and should not have formed the basis for the Court's ruling. To the contrary, as set forth, Defendant's motion does not have merit.

REQUEST FOR RECONSIDERATION OF ORDER
GRANTING MOTION TO DISMISS - 1
Civil Action No. 16-cv-1273RSM
INIP-6-0051P17 REQRec - Sosa

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

As explained in its response (Dkt. 32), Plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). This standard is not, however, akin to a "probability requirement." Rather, it only asks for "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Plaintiff readily surpasses this modest threshold for notice pleading of its copyright infringement claim against Defendant. To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). Plaintiff unequivocally alleged both in its complaint, which allegations must be taken as true. (Dkt. 10, ¶¶ 6-8, 10-17, 19) These factual assertions are more than "formulaic recitation of the elements" or "bare legal conclusion," and specifically allege that Defendant copied Plaintiff's work. They provide fair notice of the infringed copyright and how the unauthorized copying occurred. Plaintiff's infringement claim is "plausible on its face," and readily pass the *Twombly/Iqbal* standard for notice pleading. Such pleadings have been found adequate to defeat similar motions for dismissal in other cases in this jurisdiction. *See, e.g., Cobbler Nevada v. Hamilton*, 16-cv-1616TSZ Dkt. 84 (July 28, 2016); *QOTD Film v. Does*, 16-cv-371RSL Dkt. 70 (October 11, 2016).

Noteworthy in the *QOTD* case—which is several years more recent that the cited *Elf-Man, LLC v. Cariveau*, 13-cv-507RSL and its sister *Thompsons Film, LLC v. Does 1-194*, 13-cv-560RSL cases—is that it is based on due diligence and pleadings more comparable to those in the present case. In *QOTD*, the Court specifically addressed the same *Twombly/Iqbal* standard and distinguished the earlier line cases in this jurisdiction in denying a similar motion for dismissal, finding that the allegations in the present complaint "contain more heft than those that the Court

REQUEST FOR RECONSIDERATION OF ORDER
GRANTING MOTION TO DISMISS - 2
Civil Action No. 16-cv-1273RSM
INIP-6-0051P17 REQRec - Sosa

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

considered" in the earlier line of cases. (*QOTD* Film, Dkt. 70, pp. 3-4) Plaintiff respectfully submits that as in the *QOTD* and earlier cases, it has in this case pled sufficient facts—which much be taken as true—to support its allegations and meet the threshold requirement to defeat dismissal.

Accordingly, Plaintiff respectfully requests reconsideration of the Court's Order and DENIAL of Defendant's opposed motion to dismiss.

RESPECTFULLY SUBMITTED this 25rd day of February, 2017.

        s/David A. Lowe, WSBA No. 24,453
        Lowe@LoweGrahamJones.com
        LOWE GRAHAM JONES[PLLC]
        701 Fifth Avenue, Suite 4800
        Seattle, WA 98104
        T: 206.381.3300

        Attorneys for Plaintiff

REQUEST FOR RECONSIDERATION OF ORDER
GRANTING MOTION TO DISMISS - 3
Civil Action No. 16-cv-1273RSM
INIP-6-0051P17 REQRec - Sosa

LOWE GRAHAM JONES PLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301